# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MICHAEL S. IOANE, SR., | Case No. 1:19-cv-00998-LJO-EPG-HC |
|---|---|
| Petitioner, | FINDINGS AND RECOMMENDATION TO CONSTRUE PETITION FOR WRIT OF HABEAS CORPUS AS § 2255 MOTION AND TO DISMISS AS SUCCESSIVE |
| v. | |
| GEORGINA PUENTES, | |
| Respondent. | |

Petitioner Michael S. Ioane, Sr. is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As Petitioner fails to satisfy the requirements to bring a § 2241 habeas petition under the savings clause of § 2255(e), the undersigned finds that the petition is a disguised and successive § 2255 motion and recommends dismissal.

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the Taft Correctional Institution, serving a 108-month sentence imposed by the United States District Court for the Eastern District of California for conspiracy to evade tax collection and presenting false and fictitious financial instruments of the United States. (ECF No. 1 at 1, 3–4).[1] The Ninth Circuit affirmed Petitioner's conviction and

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

sentence. United States v. Ioane, 524 F. App'x 383 (9th Cir. 2013).[2] Thereafter, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which the district court denied. Ioane v. United States, No. 1:09-cr-142-LJO, 2015 WL 2238669 (E.D. Cal. May 12, 2015).[3] The Ninth Circuit denied Petitioner's request for a certificate of appealability and denied Petitioner's requests for reconsideration and *en banc* review. Petitioner filed a petition for writ of *certiorari*, which the Supreme Court denied on June 26, 2017. (ECF No. 1 at 4). Petitioner also filed a motion for a reduction of sentence under 18 U.S.C. § 3582, which the district court denied on April 13, 2018. United States v. Ioane, No. No. 1:09-cr-142-LJO, 2018 WL 1784283 (E.D. Cal. Apr. 13, 2018). The Ninth Circuit denied Petitioner's appeal on January 19, 2019. United States v. Ioane, 749 F. App'x 567 (9th Cir. 2019).

On July 22, 2019, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Therein, Petitioner asserts the following grounds for relief: (1) violation of the Speedy Trial Act; (2) instructional errors; (3) sentencing error; (4) defective indictment; (5) ineffective assistance of counsel; and (6) grand jury tampering. (ECF No. 1 at 16–32).

## II.

## DISCUSSION

### A. Jurisdiction Under 28 U.S.C. § 2241

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

---

[2] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)).
[3] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." <u>Alaimalo</u>, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); <u>Harrison v. Ollison</u>, 519 F.3d 952, 956 (9th Cir. 2008); <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864–65 (9th Cir. 2000) (per curiam). The Ninth Circuit has recognized that it is a very narrow exception. See <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. <u>Id.</u> The burden is on the petitioner to show that the remedy is inadequate or ineffective. <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963).

A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." <u>Stephens</u>, 464 F.3d at 898 (citing <u>Ivy</u>, 328 F.3d at 1060). With respect to the first requirement, in the Ninth Circuit a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court in <u>Bousley v. United States</u>, 523 U.S. 614 (1998). <u>Stephens</u>, 464 F.3d at 898. In <u>Bousley</u>, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." <u>Id.</u>

With respect to the second requirement, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." <u>Ivy</u>, 328 F.3d at 1060. In determining whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." <u>Harrison</u>, 519 F.3d at 960 (quoting <u>Ivy</u>, 328 F.3d at 1060–61).

1         In the petition, Petitioner asserts that he is entitled to habeas relief based on a speedy trial violation, instructional errors, sentencing errors, a defendant indictment, various grounds of ineffective assistance of counsel, and alleged grand jury tampering. (ECF No. 1 at 16–32). However, Petitioner's grounds for relief challenge the legal sufficiency of his convictions rather than demonstrate Petitioner's factual innocence. Although Petitioner asserts that the district court erred in calculating his sentence, the Ninth Circuit has "not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital *sentence* for the purpose of qualifying for the escape hatch." Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012). In Marrero, the Ninth Circuit held that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." Id. at 1195.

        Moreover, Petitioner has not established that he never had an unobstructed procedural shot to pursue his claims. Petitioner's speedy trial, erroneous Pinkerton instruction, and sentencing error claims were rejected by the Ninth Circuit on direct appeal. Ioane, 524 F. App'x at 384, 385. Petitioner's various claims of ineffective assistance of counsel were raised in his § 2255 motion. Ioane, 2015 WL 2238669, at *1. Here, Petitioner has not shown that the legal basis for his claims did not arise until after he had exhausted his direct appeal and first § 2255 motion or that the law changed in any way relevant to his claims after his first § 2255 motion. See Harrison, 519 F.3d at 960 ("In determining whether a petitioner had an unobstructed procedural shot to pursue his claim . . . we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion.").

        As Petitioner has failed to allege factual innocence and failed to establish that he never had an unobstructed procedural shot to pursue his claims, the Court finds that Petitioner does not satisfy the requirements to bring a § 2241 habeas petition under the savings clause of § 2255(e). Therefore, the Court finds that the petition is a disguised § 2255 motion, over which this Court, as the sentencing court, has jurisdiction and may resolve. See Muth v. Fondren, 676 F.3d 815,

818 n.2 (9th Cir. 2012) ("[I]f the custodial court and the sentencing court are in the same district, there is no need to transfer the case; the court may simply resolve the § 2255 motion.").

**B. Unauthorized Successive § 2255 Motion**

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Therefore, "[i]f the petitioner does not first obtain [the Ninth Circuit's] authorization, the district court lacks jurisdiction to consider the second or successive application." United States v. Lopez, 577 F.3d 1053, 1061 (9th Cir. 2009) (citing Burton v. Stewart, 549 U.S. 147, 152–53 (2007)).

Here, Petitioner previously filed a § 2255 motion, which was denied. Therefore, the Court finds that the instant disguised § 2255 motion is "second or successive," and there is nothing in the record to suggest that Petitioner has obtained prior authorization from the Ninth Circuit to file this successive motion. Accordingly, this Court has no jurisdiction to consider Petitioner's renewed application for relief and must dismiss the motion. See Lopez, 577 F.3d at 1061.

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be construed as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in United States v. Ioane, Case No. 1:09-cr-

142-LJO; and

2. The § 2255 motion be DISMISSED as successive.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 30, 2019**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE