# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. IOANE, SR.,<br><br>Petitioner,<br><br>v.<br><br>GEORGINA PUENTES,<br><br>Respondent. | Case No. 1:19-cv-00998-LJO-EPG-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, CONSTRUING PETITION FOR WRIT OF HABEAS CORPUS AS MOTION UNDER 28 U.S.C. § 2255, DISMISSING § 2255 MOTION AS SUCCESSIVE, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 10) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On October 1, 2019,[1] the Magistrate Judge issued Findings and Recommendation that recommended construing the § 2241 petition as a motion brought under 28 U.S.C. § 2255 and dismissing the § 2255 motion as successive. (ECF No. 10). The Findings and Recommendation was served petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of the Findings and Recommendation. Petitioner filed timely objections and a supplement to his objections. (ECF Nos. 11, 12).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including Petitioner's

---

[1] The Findings and Recommendation was signed on September 30, 2019 and entered on the docket on October 1, 2019.

1

objections, the Court concludes that the Findings and Recommendation is supported by the record and proper analysis.

"Generally, motions to contest the legality of a sentence must be filed under § 2255," Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000), but a "federal prisoner may file a habeas petition under § 2241 [pursuant to the savings clause or escape hatch] to challenge the legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention,'" Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). A petitioner may proceed under § 2241 pursuant to the savings clause or escape hatch when the petitioner claims to be: "(1) factually innocent of the crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot' at presenting this claim." Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003) (citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000)).

In his objections, Petitioner focuses on his argument that he recently discovered evidence regarding grand jury tampering and thus, did not have an unobstructed procedural shot at presenting this claim. (ECF No. 11 at 2).[2] In the supplement to the objections, Petitioner provides a copy of a letter he received on October 23, 2019 from the Internal Revenue Service ("IRS") with an attached "Index of Items Not Released," which Petitioner contends "were hidden and concealed from Petitioner and his counsel in connection with his criminal trial," are "exculpatory," "and would lead to the establishment of Petitioner's factual innocence." (ECF No. 12 at 1). However, the inquiry into whether Petitioner had an unobstructed procedural shot at presenting his claims does not turn on the discovery of new evidence. See Harrison, 519 F.3d at 960 ("In determining whether a petitioner had an unobstructed procedural shot to pursue his claim . . . we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion.").

Based on Petitioner's characterization of the alleged grand jury tampering evidence and the IRS's "Index of Items Not Released" evidence as being newly discovered, 28 U.S.C. § 2255

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

2

is not inadequate or ineffective because § 2255(h) sets forth the procedure by which a federal prisoner may challenge his conviction based on newly discovered evidence. See 28 U.S.C. § 2255(h)(1) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense[.]").

"Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a [certificate of appealability]." Harrison, 519 F.3d at 958. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's § 2241 petition should be construed as a § 2255 motion and dismissed as successive debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on October 1, 2019 (ECF No. 10) is ADOPTED;
2. The petition for writ of habeas corpus is construed as a motion under 28 U.S.C. § 2255 in United States v. Ioane, No. 1:09-cr-142-LJO;
3. The § 2255 motion is DISMISSED as successive;
4. The Clerk of Court is directed to CLOSE the case; and
5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **December 2, 2019**         /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE